UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:16-cv-80915-MARRA/Matthewman

CHUNXUE WANG,
an individual,

Plaintiff,

vs.

FLORIDA ATLANTIC UNIVERSITY,
BOARD OF TRUSTEES, JOHN W.
KELLY, Ph.D., in his official capacity
as President; VALERIE J. BRISTOR,
Ph.D., Dean And Professor; ROBERT
SHOCKLEY, Chair and Professor,
College of Education; MICHELE
HAWKINS, Associate Provost,

Defendants.
_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS
AMENDED COMPLAINT**

Plaintiff, CHUNXUE WANG, ("Plaintiff" and/or "Wang"), by and through his undersigned counsel, files this, his response to Defendants', FLORIDA ATLANTIC UNIVERSITY, BOARD OF TRUSTEES ("FAU"); JOHN W. KELLY, Ph.D., in his official capacity as President ("Kelly" and/or "FAU President"); VALERIE J. BRISTOR, Ph.D., Dean and Professor ("Bristor"); ROBERT SHOCKLEY, Chair and Professor, College of Education (Shockley"); MICHELE HAWKINS, Associate Provost ("Hawkins"), (collectively "Defendants"), Motion to Dismiss Counts I, II, V and VI of the Amended Complaint, and in support thereof, states as follows:

## I. INTRODUCTION

1. On July 25, 2016, Wang filed his Amended Complaint against Defendants for: 1) Race Discrimination, FCRA (FAU); 2) Retaliation, FCRA (FAU); 3) Discrimination, TITLE VII (FAU); 4) Retaliation, TITLE VII (FAU); 5) Civil Rights Violation (BRISTOR, SHOCKLEY and HAWKINS); and 6) Civil Rights Violation (FAU).

2. Wang was a tenured professor at FAU. In 2014, FAU began to receive anonymous emails sent from someone named "Joe" from a computer located in Indonesia. The emails accuse FAU of violations of law, rules, regulations and FAU policies. FAU concluded that since Wang was Asian, and "Joe" is from an Asian country, then it was either Wang who sent the emails or someone that he knows from Indonesia. FAU reached this conclusion because other professors at FAU opined that the dialect used by Wang and the dialect used in the anonymous emails is similar, essentially that Asians sound similar. FAU's conclusion that Wang sent the emails or knew who sent the emails was discriminatory. Wang did not send, nor did he know who sent the emails. Nonetheless, Wang was disciplined for the emails.

3. Additionally, Wang, a Chinese citizen and permanent resident of the United States, was paid nineteen thousand ($19,000) less than the second lowest paid non-Chinese professor.

4. Wang complained about the discrimination and was subjected to constant retaliation, ultimately resulting in termination. Wang was not given appropriate due process protection for a tenured professor, and the substantial evidence did not support his termination.

5. On August 8, 2016, Defendants filed their Motion to Dismiss Counts I, II, V and VI.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

6. Defendants contend that Plaintiff cannot bring a claim for violation of the FCRA because Plaintiff's claims are barred by the Eleventh Amendment. This contention is undercut by the myriad of FCRA cases being litigated throughout the Eleventh Circuit, even claims against FAU.

7. Defendants further contend that there is no claim made against President Kelly. President Kelly has been sued in his official capacity, and such a claim is appropriate.

8. Defendants argue that Wang has not demonstrated that he lacks adequate state remedies for his due process claims that were denied; and Wang does not make allegations to overcome the qualified immunity. Wang is a tenured professor and has a vested right in continued employment. Further, Defendants Bristor, Shockley and Hawkins knew of Wang's tenured rights, and violated his rights by disciplining and ultimately terminating his employment.

9. Defendants argue that Wang was given sufficient due process protection. Wang was falsely accused, provided a letter with the false accusations, refuted the false allegations, and was terminated by the same people that made the false accusations. Wang was not provided counsel; a hearing; a neutral panel; or any other rights that should have been afforded him. Additionally, there cannot be a determination by this Court on a Motion to Dismiss that the substantial facts supported Wang's termination.

## MEMORANDUM OF LAW

### I. Motion to Dismiss

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

v. Twombly, 550 U.S. 544, 555 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2)'s pleading standards "demands more than an unadorned, the-Defendants-unlawfully-harmed-me accusation"). Nor can a complaint rest on "naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiffs' allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiffs. See Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012); Miccosukee Tribe of Indians of *Fla*. v. S. Everglades Restoration Alliance, 304 F.3d 1076, 1084 (11th Cir. 2002). While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678; Thaeter v. Palm Beach Cnty. Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss…the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

**II.      Eleventh Amendment**

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has construed the Eleventh Amendment "to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well

P a g e | 4
LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

as by citizens of another state." Port Auth. Trans–Hudson Corp. v. Feeney, 495 U.S. 299, 304, (1990) (citations and internal quotation marks omitted). The Eleventh Amendment bar to suit, however, is not absolute, because states may consent to suit in federal court, and Congress may abrogate states' sovereign immunity. Id.

A state waives its Eleventh Amendment immunity "only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." Id. at 305 (citations, internal quotation marks, and alterations omitted). A state does not waive its sovereign immunity only by consenting to suit in its own courts, "and thus, in order for a state statute ... to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*." Id. at 306, 110 S.Ct. at 1873 (citations, internal quotation marks, and alteration omitted).

A state does not consent to suit in federal court merely by stating its intention to sue and be sued, "or even by authorizing suits against it *in any court of competent jurisdiction*." Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676 (1999) (emphasis added) (quoting Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573, 575, 578–79 & n. 1 (1946)) (internal quotation marks omitted). Such ambiguous and general consent-to-suit provisions, standing alone, are insufficient to waive Eleventh Amendment immunity. See Feeney, 495 U.S. at 306, 110 S.Ct. at 1873 (holding a statute providing for "consent to suits, actions, or proceedings of any form or nature" was ambiguous). Nevertheless, "[o]ther textual evidence of consent to suit in federal courts may resolve that ambiguity and sufficiently [and] clearly establish the scope of the State's more general consent to suit." Id. at 306–07, 110 S.Ct. at 1873. In Feeney, the Supreme Court determined, although the consent-to-suit provision at issue was ambiguous, the venue provision resolved the ambiguity and expressly

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

stated New York and New Jersey had consented to suit within a "judicial district, established by one of said States *or by the United States*, and situated ... within the Port of New York District." Id. (citations and internal quotation marks omitted) (emphasis added). Additionally, in Kennecott Copper, the Supreme Court's conclusion that the language in a Utah state statute allowing taxpayers to bring an action "in any court of competent jurisdiction" was informed by Utah's explicit language in its other provisions wherein it consented to suit in federal courts. Kennecott Copper, 327 U.S. at 579 & n. 8.

Defendants argue that "the Eleventh Amendment bars suit in federal court against the state or its agencies under the Florida Civil Rights Act."  Motion at 6.  To support this argument, Defendants cite to Biggs v. State of Fla. Bd. Of Regents, 1998 WL 344349 (N.D. Fla. 1998) and Haynes v. State, 1998 WL 271462 (S.D. Fla. 1998).  Biggs, however, appears to be in the vast minority with regards to Florida Federal Courts hearing claims brought under the FCRA, whereas Haynes, follows in the established finding that claims brought under the Florida ADEA are barred by the Eleventh Amendment.  See Crisman v. Florida Atl. Univ. Bd. of Trustees, 572 F. App'x 946, 949 (11th Cir. 2014) ("In addition, we have found no other textual evidence showing Florida has consented to suit in federal court to resolve FL–ADEA claims. See Feeney, 495 U.S. at 306–07, 110 S.Ct. at 1873. Moreover, section 768.28(18) explicitly states no provision of the Florida Statutes may be construed to waive the State's Eleventh Amendment immunity unless the waiver is explicitly and definitely stated to be a waiver of sovereign immunity. See Fla. Stat. § 768.28(18). FL–ADEA does not explicitly and definitely state Florida consents to suit in federal court. See Fla. Stat. § 112.044. Therefore, FAU is entitled to Eleventh Amendment immunity on Crisman's FL–ADEA claim."); Haynes v. State, No. 97-6339-CIV-GOLD, 1998 WL 271462, at *2 (S.D. Fla. 1998) ("ORDERED AND ADJUDGED that

Plaintiff's claims for age discrimination under the ADEA and for retaliation under Title VII are DISMISSED WITH PREJUDICE for failure to meet the statutory prerequisites.); ANTHONY W. DUVA, Plaintiff - Appellant, v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, SUSAN L. BARCUS, Senior Vice President of Advancement & Chief Dev. Officer, RICARDO AZZIZ, President & CEO, Georgia Regents Univ., SUSAN NORTON, Vice President, Human Res., JENNIFER RUSS, Assoc. Vice President, Defendants - Appellees., 2016 WL 3454155, at *2 (11th Cir. June 24, 2016) ("the majority of Circuit Courts of Appeal to address the issue have ruled that the ADEA precludes the filing of age discrimination claims under section 1983. See Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003); Hildebrand v. Allegheny Cnty., 757 F.3d 99, 110 (3rd Cir. 2014); Zombro v. Balt. City Police Dep't, 868 F.2d 1364, 1369 (4th Cir. 1989); Lafleur v. Tex. Dep't of Health, 126 F.3d 758, 760 (5th Cir. 1997); Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1057 (9th Cir. 2009); Migneault v. Peck, 158 F.3d 1131, 1140 (10th Cir. 1998), vacated on other grounds by Bd. of Regents of Univ. of N.M. v. Migneault, 120 S. Ct. 928 (2000); Chennareddy v. Bowsher, 935 F.2d 315, 318 (D.C. Cir. 1991); but see Levin v. Madigan, 692 F.3d 607, 617 (7th Cir. 2012) (concluding that the ADEA does not preclude section 1983 equal protection claims)".

Apparently, Defendants ignored the multitude of FCRA claims that have been brought and maintained within the District Courts in the Eleventh Circuit. In fact, only a few months ago, Judge Gayles denied FAU's Motion to Dismiss, and allowed claims brought under the FCRA to proceed. Williams v. Florida Atl. Univ., No. 15-60621-CIV, 2016 WL 1089423, at *6 (S.D. Fla. 2016) ("Within that time frame, Plaintiff's claims against FAU for race, gender, and age discrimination (Counts I-V), and retaliation (Counts VIII and IX) may proceed. Plaintiff's

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

claims against King and Brown for race and gender discrimination (Counts VI and VII) may proceed.")

In Wilson, the Middle District allowed claims brought pursuant to the FCRA to proceed through the summary judgment phase, and were ultimately dismissed on grounds that had nothing to do with the Eleventh Amendment. Wilson v. Dep't of Children & Families, 2006 WL 66723, at *9 (M.D. Fla. Jan. 10, 2006) ("Because Wilson failed to adduce any evidence in the record establishing a genuine issue of material fact supporting his retaliation claim under Title VII, his Florida Civil Rights Act retaliatory discharge claim also fails to survive. See Harper, 139 F.3d at 1389-90. DCF is entitled to summary judgment on Count II of the Third Amended Complaint, Wilson's Title VII retaliation claim.")

In Ryan, the Northern District of Florida allowed the plaintiff's FCRA claims to proceed. Ryan v. Bd. of Trustees of Univ. of W. Florida, 2010 WL 4363390, at *1 (N.D. Fla. Oct. 28, 2010). ("Plaintiff, a male instructor employed by the Defendant, alleges that the Defendant "retaliated against [Plaintiff] and has denied him opportunities for employment and advancement on the basis of his having complained of gender discrimination (Doc. 1, p. 3)" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003, et. seq., and the Florida Civil Rights Act ("FCRA"), Sections 760.01 et. seq…Quite simply, Plaintiff has alleged sufficient facts to raise a triable issue.")

In Ren v. Univ. of Cent. Florida Bd. of Trustees, 390 F. Supp. 2d 1223, 1228 (M.D. Fla. 2005), aff'd sub nom. Ren v. University of Cent. Florida Bd. of Trustees, 179 F. App'x 680 (11th Cir. 2006), the Middle District did not dismiss the plaintiff's claims under the Florida Civil Rights Act ("FCRA") until Summary Judgment was filed, and further, dismissal did not have anything to do with the Eleventh Amendment.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Therefore, it appears that while the Eleventh Amendment does bar claims brought pursuant to the ADEA and Florida ADEA, the Southern District, Middle District and Northern District of Florida all have allowed claims under the FCRA to proceed against State Universities. One such University that has been sued in Federal Court in the Southern District of Florida in 2016 is FAU.

### III.   42 U.S.C. § 1983 CLAIMS

**A.  Count VI, Claim against FAU**

Wang concedes that FAU should not be sued pursuant to 42 USC § 1983, and agrees to the dismissal of Count VI.

**B.  President Kelly**

No claims have been brought against Kelly, individually, only in his capacity as president of the university.  Defendants argue that "when a plaintiff files suit against both the public official in his official capacity and the government entity, it is appropriate for the court to dismiss the defendants named in their official capacities as redundant and possibly confusing to the jury."  Motion at 8-9.  Defendants rely on Busby to support this position.  However, the Court in Busby stated that this proposition was set forth because municipalities and local governments could be sued directly.  Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond). See Kentucky v. Graham, 473 U.S. 159 at 166 (1985); Brandon v. Holt, 469 U.S. 464 at 471–72 (1985)")  However, as argued in the earlier section by Defendants, and as conceded by

Law Offices of Shawn L. Birken, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Wang, FAU cannot be sued pursuant to 42 U.S.C. § 1983.  Therefore, naming Kelly is not redundant and properly remains a defendant, in his official capacity as Dean.

IV.   **COUNT V**

  **A. Qualified Immunity**

Lastly, Defendants argue that Count V should be dismissed.  Under Section 1983 of Title 42 of the United States Code ("Section 1983"):

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983. To sustain a claim under Section 1983, a plaintiff must demonstrate that a person acting under the color of state law deprived her of a federal right.  Kastritis v. City of Daytona Beach Shores, 835 F.Supp.2d 1200, 1207 (M.D. Fla. 2011); Cook v. Randolph County, 573 F.3d 1143, 1151–52 (11th Cir.2009). Section 1983 is not a source of federal rights; rather, it "merely provides a method for vindicating [a specific] federal right[ ]." Cummings v. DeKalb County, 24 F.3d 1349, 1355 (11th Cir.1994). Once the specific constitutional right has been identified, "the court must then apply the standard applicable to that particular provision to determine whether a constitutional violation actually occurred." Signature Pharmacy, Inc. v. Soares, 717 F.Supp.2d 1276, 1288 (M.D. Fla. 2010).

Defendants argue that Wang has not demonstrated that he lacks state law remedies for the due process denial.  Defendants rely on Hudson v. City of Riviera Beach, 982 F. Supp. 2d 1318, 1334 (S.D. Fla. 2013) to support this contention.  However, Hudson has no bearing, whatsoever,

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

on this case.  Hudson involved a municipal employee not receiving due process.  The Court found:

> It is not clear from the Amended Complaint whether Plaintiff raises a substantive-due-process claim. Because the parties briefed the issue, though, the Court addresses this claim below.  In accordance with Supreme Court precedent, the Eleventh Circuit no longer recognizes substantive-due-process claims for pretextually **terminated public employees**. *See McKinney,* 20 F.3d 1550. Because employment rights are created by state law and thus not "fundamental rights" protected by the Constitution, they are not entitled to substantive-due-process protection. *Id.* at 1560. As a result, an employee's property right in employment is protected only by the procedural component of the Fourteenth Amendment Due Process Clause. *Id*

Hudson v. City of Riviera Beach, 982 F. Supp. 2d 1318, 1334 (S.D. Fla. 2013) (emphasis added). This case involves a tenured professor.  Throughout their motion, Defendants fail to point out how Wang could be made whole on the state level.  Wang is not limited to only certain possible rights akin to a state employee.  Instead, Wang is a tenured professor with a property interest in his continued employment, which necessitates a 1983 claim for the deprivation of his rights.

Tenured college professors and college professors terminated mid-contract have interests in their continued employment that are safeguarded by due process.  Laskar v. Peterson, 771 F.3d 1291, 1297 (11th Cir. 2014); Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 576–77, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Where a professor to be terminated for cause opposes his termination, due process requires that the professor be given "(1) notice of the reasons for dismissal; (2) notice of the names of adverse witnesses and the nature of their testimony; (3) a meaningful opportunity to be heard; and (4) the right to be heard by a tribunal which possesses some academic expertise and an apparent impartiality toward the charges leveled against the teacher." Laskar v. Peterson, 771 F.3d 1291, 1297;  Holley v. Seminole Cnty. Sch. Dist., 755 F.2d 1492, 1497 (11th Cir.1985) (setting forth guidelines for minimum procedural due process). The "essential requirements of due process" are notice and a pre-

P a g e | 11
LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

termination opportunity to respond. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). While some pre-termination hearing is necessary, it need not be elaborate. See id. at 545, 105 S.Ct. at 1495 ("'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action" (citation omitted)).

Defendants next contend that they are protected by qualified immunity. "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Busby v. City of Orlando, 931 F.2d 764, 773 (11th Cir. 1991); Harlow v. Fitzgerald, 457 U.S. 800 at 818 (1982). This standard shields all government officials except those who either are plainly incompetent **or who knowingly violate the law**. Nicholson v. Georgia Dep't of Human Resources, 918 F.2d 145, 146 (11th Cir.1990) (citing Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986); Stewart v. Baldwin County Bd. of Educ., 908 F.2d 1499, 1503 (11th Cir.1990)). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987) (quoting Harlow, 457 U.S. at 818, 819) (citation omitted). As long as the defendant could reasonably have thought his or her action to be consistent with the rights he or she is alleged to have violated, the defendant is entitled to immunity. Id. 483 U.S. at 638. The plaintiff has the burden of showing that the defendant violated clearly established constitutional rights. Busby v. City of Orlando, 931 F.2d 764, 773 (11th Cir. 1991); Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir.1983); see Saldana v. Garza,

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

684 F.2d 1159, 1163 (5th Cir.1982), *cert. denied,* 460 U.S. 1012, 103 S.Ct. 1253, 75 L.Ed.2d 481 (1983).

"Defendants are entitled to qualified immunity in a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege facts that would show a violation of a clearly established constitutional right." Williams v. Florida Atl. Univ., No. 15-60621-CIV, 2016 WL 1089423, at *6 (S.D. Fla. Mar. 21, 2016); Kyle K. v. Chapman, 208 F.3d 940, 942 (11th Cir. 2000). In the instant action, Wang extensively alleges that he was discriminated against because he is Chinese by false allegations based on his national origin and by a huge pay disparity compared to non-Chinese tenured professors. Wang complained of the discrimination on a number of occasions. As a direct result of the discrimination and retaliation, Wang was disciplined, including, continued discrimination, poor reviews, suspensions, and ultimately termination. These facts were alleged in addition to the express allegations:

> 91. Defendants, Bristor, Shockley and Hawkins were aware of Plaintiff's clearly established property interest in his tenured position.
> 93. At all times material to this action, Defendants, Bristor, Shockley and Hawkins, acted in violation of the Plaintiff's clearly established Constitutional rights, when they suspended him without pay and then terminated his employment as a tenured faculty member without any authority upon which to do so, without proper notice and hearing, in complete contravention of due process of law.
> 94. Defendants, Bristor, Shockley and Hawkins, denied Plaintiff due process rights when they suspended and threatened to terminate him from his position as a tenured faculty member, and terminated him from his position as a tenured faculty member ***without***, among other requirements:
>
>> (a) affording him proper notice or a hearing of any kind;
>>
>> (b) conducting any investigation of "just cause" (i.e.: "misconduct" or "incompetence") for such adverse employment actions as is the specifically required finding for the same;
>>
>> (c) presenting any allegation or evidence of "just cause" (i.e.: "misconduct" or "incompetence") for such adverse employment actions as is the specifically required finding for the same;
>
> even defining or suggesting the meaning of "just cause" (i.e.: "misconduct" or "incompetence") for purposes of justifying such adverse employment actions

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Amended Complaint at ¶¶ 91, 93, 94.  Wang's allegations clearly surpass those contained in <u>Williams</u>, and clearly overcome any possible claim for qualified immunity made by Defendants, Bristor, Shockley and Hawkins, especially at the motion to dismiss stage.

### B. Due Process

Lastly, Defendants contend that Wang "was suspended, and again before he was discharged, Plaintiff received written notice of the grounds for both, the opportunity and the time to present his version of the fact.  Something Plaintiff, in fact, actually did, as we see below." Motion at 17.  In reviewing a decision of a public institution to discharge such an employee, this Court applies a two-tier level of inquiry: "[1] whether the procedures followed by school authorities comported with due process requirements, and if so, [2] whether the action taken is supported by substantial evidence." <u>Martin v. Guillot</u>, 875 F.2d 839, 844 (11th Cir.1989); <u>Laskar v. Peterson</u>, 771 F.3d 1291, 1297 (11th Cir. 2014).

Although not fleshed out through discovery as this case is in its infancy, and only relying on documents attached to the Motion to Dismiss as chosen by Defendants, it is clear that the procedures followed by school authorities did not comport with due process requirements; and there can be no finding as to whether the action taken by Defendants was supported by substantial evidence.

Defendants falsely accused Wang of certain actions as it pertained to his nationality because someone from Indonesia was sending damaging emails to FAU, its president, provost and other professors.  While investigating the origin of the emails, Defendants surreptitiously found a private email Wang sent to another professor, wherein he described, in his opinion, homosexual sex was "filthy."  Wang was provided a letter from Dean Bristor with the false

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

accusations regarding the emails and the exaggerated nature of the "discrimination" perpetrated by Wang.  Wang responded to the accusations, with a determination to be made by those that had already falsely accused Wang.[1]  Wang was not afforded a hearing; a fair determination by unbiased faculty members; or anything remotely satisfying the due process rights of a tenured professor.

In Lasker, the Eleventh Circuit granted summary judgment and set forth essentially what rights constitute due process.  Laskar v. Peterson, 771 F.3d 1291, 1299 (11th Cir. 2014).  "Laskar received prior, written notice of the charges against him; he was represented by counsel at a formal hearing before an unbiased faculty committee; he presented argument and evidence on his own behalf, including cross-examination of witnesses against him; he had a right to appeal his termination to the Board of Regents; and he submitted a written appeal to the Board of Regents.  In sum, Laskar was provided with the essential requirements of due process: notice of the charges against him and a pre-termination opportunity to respond in person thereto." *See Loudermill,* 470 U.S. at 545–46, 105 S.Ct. at 1495. In the instant case, Wang was given a letter with the charges against him, disputed the charges to his accusers, and was terminated.

The ways of due process are almost infinitely variable, but the common denominator is that the requisite hearing be granted "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965); Gorman v. University of Rhode Island, 837 F.2d 7, 13 (1st Cir.1988) (to be fair in the due process sense, the hearing requirement "implies that the person adversely affected was afforded the opportunity to respond, explain, and defend"); Davis v. Alabama State Univ., 613 F.Supp. 134, 138 (M.D.Ala.1985).  "Ordinarily, the

---

[1] Ironically, one of the punishments given to Wang was that he had to apologize for his purported acts of discrimination.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

right to present evidence is basic to a fair hearing." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Indeed, the right to present witnesses and documentary evidence is "[c]hief among the Due Process minima." Ponte v. Real, 471 U.S. 491 (1985). However, this right is not unbridled, but is circumscribed by "the necessary discretion to keep the hearing within reasonable limits." Wolff, 418 U.S. at 566.

As to the second component, there has never been a determination that the action taken is supported by substantial evidence." Martin, 875 F.2d 839, 844; Laskar v. Peterson, 771 F.3d 1291, 1297. Therefore, Defendants contentions that due process has been given is not supported by law or fact.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss as to Counts I, II and V of the Amended Complaint should be denied and Count VI should be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **26th day of August, 2016**, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

LAW OFFICES OF
SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300
Fort Lauderdale, Florida  33394
Tel:    (954) 990-4459
Fax:    (954) 990-4469
Email: sbirken@birken-law.com

By:   /s/Shawn L. Birken
          SHAWN L. BIRKEN
          Florida Bar No.: 418765

P a g e | 16
LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320  |  Fax: 954.990.4469
www.birken-law.com

## SERVICE LIST
*Wang vs. FAU, et al.*
CASE NO.: 16-cv-80915-Marra/Matthewman

| | |
|---|---|
| Shawn L. Birken, Esq. | Eric K. Gabrielle, Esq. |
| Florida Bar No.: 418765 | Florida Bar No. 160725 |
| Email: sbirken@birken-law.com | Email: egabrielle@stearnsweaver.com |
| LAW OFFICES OF | STEARNS  WEAVER  MILLER  WEISSLER |
| SHAWN L. BIRKEN, P.A. | ALHADEFF & SITTERSON, P.A. |
| 100 SE 3rd Avenue, Suite 1300 | 200 East Las Olas Boulevard, Suite 2100 |
| Fort Lauderdale, Florida  33394 | Fort Lauderdale, Florida 33301 |
| Direct Dial: 954-990-4459 | Phone: 954-462-9500 |
| Fax: 954-990-4469 | Fax:  954-462-9567 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| *Via CM/ECF* | *Via CM/ECF* |

**\\acabello-xp\shares\Wang, Victor vs. FAU\Pleadings\Response MTD FINAL.doc**

P a g e  | **17**

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com