UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:16-cv-80915-MARRA/Matthewman

CHUNXUE WANG,
an individual,

Plaintiff,

vs.

FLORIDA ATLANTIC UNIVERSITY,
BOARD OF TRUSTEES, JOHN W.
KELLY, Ph.D., in his official capacity
as President; VALERIE J. BRISTOR,
Ph.D., Dean And Professor; ROBERT
SHOCKLEY, Chair and Professor,
College of Education; MICHELE
HAWKINS, Associate Provost,

Defendants.
_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHUNXUE WANG, ("Plaintiff" and/or "Wang"), by and through his undersigned counsel, sues Defendant, FLORIDA ATLANTIC UNIVERSITY, BOARD OF TRUSTEES ("FAU"); (collectively "Defendant"), and in support thereof, states as follows:

### JURISDICTION AND VENUE

1. Wang brings this action pursuant to 42 U.S.C. §1983; 42 U.S.C. § 2000 *et seq*.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §1367(a). The jurisdiction of the Court is further invoked to secure protection for and to redress the deprivation of rights protected by 42 U.S.C. §1983, 42 U.S.C. § 2000 *et seq.*

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Wang occurred within this judicial district (Palm Beach County) and because FAU has a principal place of business within this judicial district.

## PARTIES

4. At all times material hereto, Plaintiff, Wang, was a Chinese citizen, and permanent resident of the United States and a resident of Palm Beach County, Florida.

5. Wang also goes by the name Victor C.X. Wang.

6. At all times material hereto, Plaintiff was an "employee" of FAU as defined by applicable Florida law, including, but not limited to the FCRA and Title VII.

7. At all times material hereto, Plaintiff was an "aggrieved person" as defined by 42 U.S.C. § 2000 *et seq*.

8. At all times relevant and material hereto, FAU employed more than 15 employees and was Wang's employer within the meaning of 42 U.S.C. § 2000 *et seq*.

9. FAU is a state actor as defined by 42 U.S.C. §1983.

10. FAU's Board of Trustees ("FAU BOT") is vested by law with the powers and authority to effectively govern and set policy for FAU in accordance with the laws and constitution of the State of Florida. (See Article 1, Section 1.1 of the Board of Trustees Board Operations Policies and Procedures).

11. "Article IX, Section 7 of the Florida Constitution establishes the composition of FAU's Board of Trustees. It provides that the BOT consists of thirteen (13) Trustees, with six (6) Trustees appointed by the Governor, five (5) appointed by the BOG and two (2) serving by virtue of their offices, the President of the FAU Student Government and the President of the equivalent

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

of the faculty senate. All appointed members are confirmed by the Senate of the State of Florida." (See Article II, Section 2.2 of the Board of Trustees Board Operations Policies and Procedures).

12. FAU is a Florida public university and its main campus is located in Palm Beach County.

13. Kelly, the FAU President, and had supervisory authority over Wang's employment.

14. Bristor, is a Dean and Professor for FAU and had supervisory authority over Wang's employment.

15. Shockley, is a Chair and Professor for the College of Education of FAU and had supervisory authority over Wang's employment.

16. Hawkins, is an Associate Provost for FAU and had supervisory authority over Wang's employment. Upon information and belief, Hawkins is a resident of Palm Beach County.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. All administrative requirements have been exhausted, waived and/or satisfied as Plaintiff filed his formal Charge of Discrimination with the Equal Employment Opportunity Commission, ("EEOC"), and Florida Commission on Human Relations, ("FCHR"), and filed an Amended Charge with the EEOC and FCHR which included his claim for pay disparity.

18. Plaintiff is filing this action subsequent to 180 days of his filing a charge of discrimination with the FCHR and has received his Right to Sue from the EEOC.

## FACTUAL ALLEGATIONS

19. Wang was, at all times material hereto, a Chinese citizen and permanent resident of the United States of America.

20. Wang joined the faculty of FAU in 2011 as an associate Professor with Tenure.

21. In 2014, Wang, became a full Professor in FAU's College of Education.

22. Wang was employed by FAU and was an exemplary employee and at all times performed his work admirably and to FAU's standards.

23. During his tenure at FAU, Wang received positive evaluations and numerous awards and accolades.

24. During his tenure, Wang acted as a Professor and PhD Mentor.

25. In 2014, FAU began to receive anonymous emails sent from someone named "Joe" from a computer located in Indonesia. The emails accuse FAU of violations of law, rules, regulations and FAU policies.

26. An investigation was conducted by FAU in connection with the anonymous emails.

27. Wang did not have anything to do with the emails.

28. FAU concluded that since Wang was Asian, and "Joe" is from an Asian country, then it was either Wang who sent the emails or someone that he knows from Indonesia.

29. FAU reached this conclusion because other professors at FAU opined that the dialect used by Wang and the dialect used in the anonymous emails is similar, essentially that Asians sound similar.

30. FAU's conclusion that Wang sent the emails or knew who sent the emails was discriminatory.

31. Wang strenuously objected to the findings as they are false and although Wang pointed out that they were based on discrimination, FAU did not rescind the findings.

32. Wang was disciplined based on FAU's discriminatory and false determination that Wang sent the anonymous emails.

33. Further exacerbating the situation was the publication of the report to those in Wang's department that contains the false accusations and false conclusions pertaining to the

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

investigation. These discriminatory actions further harmed Wang.

34. The publication of the investigative report to those inside and outside of FAU is a reckless disregard for the truth and has caused extensive damage to Wang's reputation. These discriminatory actions further harmed Wang.

35. On November 2, 2015, Wang was in Vice Provost Diane Alperin's Office, asking her to rescind the report about Joe's emails. Alperin told Wang: "you had nothing to do with the emails; FAU does not address unsigned letters; your dean and chair penalized you because of other things; go back home and let me see what I can do..." Wang was then dismissed from her office.

36. Wang continued to object to the discriminatory actions and statements made by FAU's employees.

37. Additionally, Wang learned that he was being paid considerably less than all of the other non-Chinese tenured professors.

38. At the time of his promotion, Wang earned approximately nineteen thousand dollars, ($19,000.00), less than the next lowest paid tenured Professor.

39. There were no other Chinese born tenured Professors employed by FAU.

40. On March 12, 2015, Wang sent a correspondence to FAU's Provost complaining about his pay disparity and other discriminatory actions taken by FAU.

41. Upon objection to the false accusations regarding the anonymous emails, and the complaint about the pay disparity, Wang was subjected to relentless acts of retaliation by FAU.

42. After receiving excellent/exceptional annual evaluations throughout his career, FAU's most recent evaluation for Wang was a "C", which was clearly in retaliation for reporting and objecting to the discriminatory treatment.

43. Another act of retaliation was the Dean's proposed disciplinary action of a 5 day

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

suspension without pay.

44. In addition to the suspension, Wang was required to attend workshops and to make an official apology to other professors who accused him of sending emails from a country that he had never been. Wang was directed to apologize to professors for sending emails that he did not send, and was accused of sending the emails because he was from Asia.

45. These new acts of bigotry and discrimination further harmed Wang.

46. On April 28, 2016, Wang sent a letter to FAU, through his attorney, making a final request to cease the discrimination and retaliation.

47. On or about May 24, 2016, a termination letter was sent to Wang by Associate Provost, Michele Hawkins, at the behest of Shockley, just weeks after his final demand letter to FAU regarding the discriminatory and retaliatory treatment.

48. During the time of his employment with FAU, employees of FAU, including those in supervisory positions, engaged in a pattern and practice of intentional discriminatory behavior and treatment against Wang by condoning and encouraging the disparate treatment of the Plaintiff on the basis of race and national origin.

49. Wang has been subject to discriminatory treatment based upon his race and national origin, and has not been permitted to enjoy the terms, conditions and privileges of employment in a manner similar to coworkers outside of his protected class.

50. Defendant, FAU, knew or should have known of the discrimination and failed to redress the discrimination. In doing so, Defendant FAU acted with malice or reckless disregard to the injury caused to Wang by the disparate treatment and discriminatory termination.

51. Associate Provost Hawkins and Dean Shockley were aware of Plaintiff's clearly established property interest in his tenured position.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

52. Associate Provost Hawkins was by Dean Shockley that Wang was not properly teaching one of his courses.

53. Associate Provost Hawkins then had Dean Shockley conduct an investigation into Wang's alleged wrongdoings.

54. During this time period, Dean Shockley was angry with and feuding with Wang. Dean Shockley did not tell Associate Provost Hawkins about his issues with Wang, and Hawkins never inquired.

55. Associate Provost Hawkins relied almost exclusively on the findings by Dean Shockley in falsely determining that Wang was not properly teaching his class.

56. Associate Provost Hawkins made the decision to terminate Wang's employment based on the word of Dean Shockley.

57. During this time period, and for the preceding year, Wang was consistently complaining to FAU officials, including but not limited to FAU's HR department (which had several different names) and Bristor that Shockley was discriminating and retaliating against him.

58. Associate Provost Hawkins never met with Wang regarding the allegations made by Dean Shockley.

59. Wang wrote a response to the decision to terminate his employment letter sent by Associate Provost Hawkins, and disputed many of the allegations made by Dean Shockley.

60. None of the disputes provided by Wang were investigated by Associate Provost Hawkins. Wang was not provided a forum to properly dispute the false allegations made by Dean Shockley.

61. Wang was never given a true opportunity to refute the false allegations made by Dean Shockley.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

62. The allegations made by Dean Shockley were never investigated by FAU, and Associate Provost Hawkins rubber stamped Shockley's determination that Wang should be terminated.

63. Ultimately, Wang's employment was terminated by FAU.

64. FAU's handbook expressly states that the President has final determination to authorize the termination of a tenured employee.

65. President, Kelly, authorized the termination of Wang.

66. Wang sent emails to President, Kelly, before and after his termination, detailing the discrimination, harassment, and lack of due process afforded him by FAU. President, Kelly, did not respond to any of the emails and ignored Wang's requests for fair and just treatment.

67. President, Kelly's, actions constituted actual or reckless disregard for Wang's legal right to be free of discrimination and retaliation.

68. President, Kelly's, actions constituted actual or reckless disregard for Wang's right to procedural due process as a tenured professor.

69. Wang's emails to President, Kelly, protesting his unfair and procedurally infirm termination was a clear effort to redress his alleged procedural due process deprivation through other channels.

70. Plaintiff has retained the Law Offices of Shawn L. Birken, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

71. Plaintiff is entitled to an award of attorneys' fees if he prevails in this action.

## COUNT I

### DISCRIMINATION IN VIOLATION OF
### TITLE VII
### Defendant FAU

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Plaintiff realleges and reavers paragraphs 1 through 71 of this Complaint as if fully set forth herein

72. Plaintiff is a member of protected classes in that he is an Asian, having been born in China.

73. At all times material hereto, Plaintiff was an "employee" or former employee, of Defendant, FAU, within the meaning of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991.

74. At all times material hereto, Defendant, FAU, was and continues to be an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991.

75. Plaintiff was not provided the same terms, conditions, and privileges of employment as members outside of his protected classes.

76. Plaintiff has not been permitted to perform his job function in a manner consistent with his job description.

77. Plaintiff was subjected to disparate treatment on the basis of his race and national origin.

78. Defendant intentionally discriminated against Plaintiff in violation of the Civil Rights Act based upon his race and national origin.

79. The Defendant's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.

80. As a direct and proximate result of the disparate treatment, Plaintiff suffered economic and compensatory damages, loss of reputation, embarrassment and humiliation,

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

inconvenience.

81.  The unlawful discriminatory pattern, practice, usage and customs by Defendant, FAU, its agents and employees, as set forth herein, violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, Pub. L. No., 102-166, 105 Stat. 1071 (1991).

**WHEREFORE**, Plaintiff demands the following relief: Compensatory damages, economic damages, pre-judgment interest, injunctive relief, attorney's fees and costs, and all other relief allowed by law; and any other further relief this Court deems just and proper. Professor Wang further demands reinstatement.

## COUNT II

### RETALIATION IN VIOLATION OF
### TITLE VII
### Defendant FAU

Plaintiff realleges and reavers paragraphs 1 through 71 of this Complaint as if fully set forth herein.

82.  FAU is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991.

83.  Plaintiff internally complained to the Employer that he had been treated differently and less favorably than other employees outside of his protected class with respect to the terms and conditions of employment.

84.  Plaintiff filed a Charge of Discrimination against the Employer charging that he had been treated differently and less favorably than other employees outside of his protected class with respect to the terms and conditions of employment.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

85. Plaintiff filed an Amended Charge of Discrimination against the Employer charging that he had been treated differently and less favorably than other employees outside of his protected class with respect to his pay

86. Defendants retaliated against Plaintiff by, among other things, continuing to discriminate against him, continuing to pay him less than non-Chinese professors, initiating disciplinary proceedings against him, suspending him, falsely accusing him of misconduct, and ultimately terminating his employment because he complained to the Employer that he had been denied the terms and conditions of employment on an equal basis with others outside of his protected class, and because he filed a Charge of Discrimination charging the Employer with treating him differently and less favorably than other employees outside of his protected class with respect to the terms and conditionsof employment and pay.

87. The unlawful retaliation by Defendant, FAU, its agents and employees, as set forth herein, violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, Pub. L. No., 102-166, 105 Stat. 1071 (1991).

88. Defendant knew or should have known of the retaliation but failed to redress it.

89. As a direct and proximate result of the retaliation alleged herein, all in violation of the Florida Civil Rights Act, Plaintiff suffered economic and compensatory damages, loss of reputation, embarrassment and humiliation and inconvenience.

**WHEREFORE**, Plaintiff demands the following relief: Compensatory damages, economic damages, pre-judgment interest, injunctive relief, attorney's fees and costs, and all other relief allowed by law; and any other further relief this Court deems just and proper. Professor Wang further demands reinstatement.

## JURY DEMAND

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Plaintiff demands trial by jury on all issues so triable by right.

Dated: April 6, 2017.

                                       Respectfully submitted,

                                       LAW OFFICES OF
                                       SHAWN L. BIRKEN, P.A.
                                       Attorneys for Plaintiff
                                       100 SE 3RD AVE, SUITE 1300
                                       Ft. Lauderdale, FL 33394
                                       PHONE: (954) 990-4459
                                       FAX: (954) 990-4469
                                       E-MAIL:  sbirken@birken-law.com
                                                          acabello@birken-law.com

                                By:   /s/Shawn L. Birken_____
                                       SHAWN L. BIRKEN
                                       Florida Bar No.: 418765

## SERVICE LIST
*Wang vs.FAU, et al.*
CASE NO.: 16-cv-80915-Marra/Matthewman

| | |
|---|---|
| Shawn L. Birken, Esq. | Eric K. Gabrielle, Esq. |
| Florida Bar No.: 418765 | Florida Bar No. 160725 |
| Email: sbirken@birken-law.com | Email: egabrielle@stearnsweaver.com |
| LAW OFFICES OF | STEARNS WEAVER MILLER WEISSLER |
| SHAWN L. BIRKEN, P.A. | ALHADEFF & SITTERSON, P.A. |
| 100 SE 3rd Avenue, Suite 1300 | 200 East Las Olas Boulevard, Suite 2100 |
| Fort Lauderdale, Florida 33394 | Fort Lauderdale, Florida 33301 |
| Direct Dial: 954-990-4459 | Phone: 954-462-9500 |
| Fax: 954-990-4469 | Fax:  954-462-9567 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| *Via CM/ECF* | *Via CM/ECF* |

P a g e | 12
LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com